IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV445-02-MU

| IVAN HARVEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD NEELY; | ) | |
| KORY DALRYMPLE; | ) | |
| SERGEANT MULLIS; and | ) | O R D E R |
| MR. BULLOCK, | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's second civil rights Complaint under 42 U.S.C. § 1983, filed October 16, 2009.

Pertinent Court records reflect that on October 9, 2009, Plaintiff filed a civil rights action in this Court against the above-named Defendants. (See Harvey v. Neely, et al., 3:09CV439-MU, document # 1). There, Plaintiff generally alleged a physical and sexual assault by Defendant Neely and the others. By an Order filed October 13, 2009, the Court dismissed Plaintiff action as conclusory and/or factually fantastic or delusional. (Id., document # 2).

Now, Plaintiff has returned to the Court on the instant Complaint against the same Defendants. This time, although he is listed as a party, Plaintiff's allegations make no mention of Defendant Neely. Instead, Plaintiff alleges that on August 11,

2009, Defendant Mullis entered his cell, struck him several times with a baton and then held the baton next to Plaintiff's penis as he threatened further harm if Plaintiff told about the incident. Plaintiff reportedly told Mullis to "get away from [him] with that homemosexual [sic] talk." Plaintiff further alleges that Defendants Bullock and Dalrymple came to his cell shortly thereafter, at which time he informed them of Mullis' "sexual assault[]." However, Mullis allegedly then struck him again with the baton and Bullock and Dalrymple joined in the at-tack. By way of relief, Plaintiff seeks declaratory, injunctive and monetary relief.

In addition to his Complaint, Plaintiff has filed with this Court copies of the grievance which correspond to this alleged beating/sexual assault. In Plaintiff's grievance, he makes absolutely <u>no</u> mention of any physical assault by any Defendant. On the contrary, Plaintiff's grievance merely reports that on the date in question, Defendant Mulls went to Plaintiff's cell and "sexual[ly] harass[ed]" him by "ask[ing] [Plaintiff] to show him [his] penis." Plaintiff reportedly told Mullis to "get away from [his] cell with that homemosexual [sic] stuff cause [he is] not know [sic] homemosexual [sic] . . . ."

Based upon the foregoing, therefore, Plaintiff's Complaint clearly is subject to dismissal. To begin, Plaintiff made no mention of any conduct whatsoever by Defendant Neely. Therefore,

2

Defendant Neely is entitled to a dismissal of this action as far as he is concerned.

Second, Plaintiff's allegations of a sexual assault simply do not rise to the level of a stating a claim for relief in that the alleged "sexual assault" actually was no more than verbal harassment. The law is clear that verbal harassment by prison guards does not rise to the level of a constitutional violation. See Morrison v. Martin, 755 F.Supp. 683, 687 (E.D.N.C. 1990); Solomon v. Dixon, 724 F.Supp. 1193, 1196 (E.D.N.C. 1989); Fisher v. Woodson, 373 F.Supp. 970, 973 (E.D. Va. 1973) (mere "threatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations."). Nor do "verbal harassment or idle threats to an inmate, even if they cause an inmate fear or emotional anxiety . . ." constitute a violation of any constitutional rights. Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991).

Last, even assuming that Plaintiff has exhausted his rights with regard to the alleged physical assaults, such allegations fail to allege that Plaintiff suffered any injury therefrom. De minimis injuries are not actionable relative to excessive force claims. On the contrary, when injuries are de minimis, excessive force claims fail except in extraordinary circumstances which have not been alleged here. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir.1994). Minor injuries such as pain, swelling,

tenderness, bruising, and mild abrasions are considered <u>de minimis</u> in this Circuit.  <u>See, e.g.</u>, <u>Taylor v. McDuffie</u>, 155 F.3d 479, 484 (4th Cir.1998) (finding swelling in the jaw, abrasions to wrists and ankles, and tenderness over some ribs to be <u>de minimis</u>).  Accordingly, Plaintiff's Complaint must be dismissed in its entirety.

**NOW, THEREFORE, IT IS ORDERED that** Plaintiffs' entire Complaint hereby is **DISMISSED** for its failure to state a claim for relief.  <u>See</u> 28 U.S.C. §1915A(b)(1)

**SO ORDERED.**

Signed: November 5, 2009

Graham C. Mullen
United States District Judge

4